IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CHRISTINA OWENS AND<br>CIRILO MONTERO<br><br>  Plaintiffs<br><br>V.<br><br>FEDEX GROUND PACKAGE<br>SYSTEM, INC.<br><br>  Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.<br>_____ |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Plaintiffs, Christina Owens and Cirilo Montero, complaining of Defendant, FedEx Ground Package System, Inc., and for cause of action would respectfully show:

### 1. Parties

1.1 Plaintiffs Christina Owens and Cirilo Montero are residents of Texas and the United States. Plaintiffs are common-law husband and wife and have been domiciled at all material times in Houston County, Texas.

1.2 Defendant FedEx Ground Package System, Inc. is a foreign corporation registered to do business in Texas.

1.3 Defendant FedEx Ground Package System, Inc. may be served with process through its registered agent, CT Corporation System, 1999 Bryant St., Ste 900, Dallas, Texas 75201-3136.

## 2. Subject Matter Jurisdiction

2.1   There is a diversity of citizenship among and between the parties to this civil action, and the amount in controversy, exclusive of interest and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

2.2   Jurisdiction in this judicial district therefore exists under 28 USC §1332.

## 3. Jurisdiction and Venue

3.1   Defendant FedEx Ground Package System, Inc. ("FedEx") is subject to this Court's specific and general jurisdiction because they are registered to do business in the state of Texas, are doing business in the state of Texas and the Eastern District of Texas, and they have purposefully availed themselves of the rights and privileges of conducting business in Texas, including the Eastern District of Texas.

3.2   Defendant FedEx regularly conducts business and solicits business in the state of Texas and the Eastern District of Texas, and they derive substantial revenue from goods and services provided to residents within the state of Texas and the Eastern District of Texas.

3.3   Defendant FedEx is subject to this Court's personal jurisdiction under Tex. Civ. Prac. & Rem. Code. Ann. §17.042 (Texas Long-Arm Statute).

3.4   The assertion of this Court's jurisdiction over Defendant FedEx complies with the traditional notions of fair play and substantial justice.

3.5   Venue is proper in the Eastern District of Texas because this Court has personal jurisdiction over Defendant FedEx, and because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in this District.

3.6     Personal jurisdiction and venue in this judicial district are therefore proper under 28 U.S.C. §1391.

## 4. Factual Basis of Claim

4.1     On or about October 13, 2020, Plaintiff, Christina Owens was operating her Toyota Camry southbound on US Highway 287 in Anderson County, Texas. She observed a Ford Econoline Van with FedEx markings on the improved shoulder of the road up ahead. Just as she approached the FedEx vehicle, it unexpectedly pulled out in front of her in an apparent attempt to make a U-turn. The FedEx vehicle turned left directly into her path of travel, leaving her no time make to take any evasive action and she collided violently with the FedEx vehicle.

4.2 Cirilo Montero was a front seat passenger in the Toyota Camry being driven by Christina Owens. Christina Owens and Cirilo Montero sustained serious injuries in the collision.

4.3     At the time of the subject incident, the Ford Econoline Van involved in the collision was under the control of FedEx Ground Package System, Inc.

4.4     At the time of the subject incident, the Ford Econoline Van involved in the collision was being driven by Shawn Keith Turner, Jr., who at all times material to this lawsuit was under the control of FedEx Ground Package System, Inc., acting in the furtherance of their business affairs as a delivery driver.

## 5. Negligence

5.1     At the time of the collision, Shawn Keith Turner, Jr. ("Turner") was operating the FedEx vehicle negligently. Plaintiffs base their causes of action in part upon negligence or negligence per se as these terms are defined under the common law and statutes of Texas and the doctrine of respondeat superior is invoked where applicable. Turner's failure to use

ordinary care in the operation of vehicle was a proximate cause of this wreck and Plaintiff's resulting injury/injuries. More specifically, said Defendant's acts or omissions constituting negligence on the occasion in question were as follows:

    a. Failing to keep such a lookout as a person using ordinary care would have kept;

    b. Turning Defendant's vehicle to the left when such movement could not be made with safety as prohibited by TEX. TRANSP. CODE § 545.103 or otherwise turning when a person using ordinary care would not have turned;

    c. Failing to give an appropriate signal as required by TEX. TRANSP. CODE § 545.104 or otherwise failing to signal as a person using ordinary care would have signaled; and,

    d. Failing to yield the right-of-way to the vehicle approaching from the rear.

## 6. Damages

6.1 Plaintiffs have has suffered damages in the past and in all reasonable probability will suffer damages in the future proximately resulting from this occurrence.

6.2 These damages include damages resulting to Plaintiffs conditioned as they were at the time of this occurrence, or which resulted from the activation of any condition which may have existed at the time of the occurrence in question.

6.3 These damages include:

    a. Physical pain and in the past and future;

    b. Loss of enjoyment of life in the past and future

    b. Disfigurement in the past and future;

    c. Physical impairment in the past and future; and

    d. Medical expenses in the past and future.

6.4     These damages include any subsequent aggravation of the injuries sustained in this occurrence.

## 7. Jury Demand

7.1     Plaintiff requests a trial by jury.

## 8. Prayer for Judgment

8.1     WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant for the following relief:

- a. Fair, just, and adequate compensation, well in excess of this Honorable Court's minimum jurisdictional requirement of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), for past and future general and special damages;

- b. Recovery of pre-judgment and post-judgment interest;

- c. Reimbursement of taxable costs; and

- d. Such other and further relief, general and special, legal and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

ROBERTS & ROBERTS

BY:     */s/ Michael Ace*
MICHAEL ACE
*(lead attorney)*
Bar No. 00828800
mike@RobertsLawFirm.com
RANDELL C. ROBERTS
Bar No. 17016490
randy@RobertsLawFirm.com
118 West Fourth Street
Tyler, Texas 75701
Ph: (903) 597-6655
Fax: (903) 597-1600
Attorneys for Plaintiff